NO. 12-04-00372-CR
NO. 12-04-00373-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ADAM ROBERTS LEWIS,                               §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            Appellant Adam Roberts Lewis was convicted of aggravated assault with a deadly weapon
on a public servant and deadly conduct with a firearm. Sentence was imposed in each case on
April 17, 2002. Appellant timely filed a motion for new trial in each case on May 16, 2002. See
Tex. R. App. P. 21.4 (motion for new trial must be filed no later than thirty days after sentence
imposed in open court). The trial court granted Appellant’s motions for new trial on June 27, 2002,
and the State appealed. On January 30, 2004, we issued a single opinion reversing the decision of
the trial court in each case, and the court of criminal appeals refused Appellant’s petition for
discretionary review on November 10, 2004. 
            On December 1, 2004, Appellant filed a notice of appeal from each conviction and sentence. 
Texas Rule of Appellate Procedure 26.2(b) provides that the notice of appeal must be filed within
ninety days after the imposition of sentence in open court if the defendant timely files a motion for
new trial. Consequently, Appellant’s notices of appeal were due July 16, 2002. See Tex. R. App.
P. 26.2(a)(2) (notice of appeal must be filed within ninety days after day sentence is imposed in open
court if defendant timely files a motion for new trial). Therefore, the notices filed on December 1,
2004 were untimely. See id.
            On December 8, 2004, this Court notified Appellant, pursuant to Texas Rule of Appellate
Procedure 37.2, that his notices of appeal were not filed within the time allowed by Rule 26.2 and
that there was no timely motion for an extension of time as permitted by Texas Rule of Appellate
Procedure 26.3. Appellant was further notified that the appeals would be dismissed unless, on or
before December 20, 2004, the information in the appeal was amended to show the jurisdiction of
this Court. On December 20, 2004, Appellant responded to our notice by filing a supplemental
notice of appeal in which he sets out the procedural history of the case. We interpret this chronology
as a contention that his notices of appeal were not due until final resolution of his motion for new
trial, which occurred on November 1, 2004. However, Appellant cites no authority for that
proposition. 
            Because Appellant’s notices of appeal were untimely, we have no jurisdiction over the
appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, this appeal is dismissed for want of
jurisdiction.
Opinion delivered December 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.








(DO NOT PUBLISH)